```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


MYONG RE KYE, Individually       §
and as Representative of the     §
Estate of Woody Kay, Deceased,   §
                                 §
     Plaintiff,                  §
                                 §
v.                               §   CIVIL ACTION NO. H-10-00805
                                 §
DAIMLER TRUCKS NORTH AMERICA,    §
L.L.C. f/k/a FREIGHTLINER,       §
L.L.C.; and FREIGHTLINER,        §
L.L.C.,                          §
                                 §
     Defendants.                 §
```

MEMORANDUM AND ORDER

This is a products liability suit in which Plaintiffs Myong Re Kye, Individually, and Sun Cha Anderson, as Representative and Administrator of the Estate of Woody Kay, Deceased ("Plaintiffs") seek damages from Daimler Trucks North America, LLC f/k/a Freightliner, LLC ("Defendant") and Freightliner, LLC ("Freightliner") for the death of Woody Kay, the driver in a one-vehicle tractor-trailer accident.[1] Pending is Defendant's Motion for Summary Judgment--Innocent Retailer and, in the Alternative, Motions for Partial Summary Judgment (Document No. 48). Plaintiffs state in their response that they are unopposed to partial

---

[1] Second Amended Complaint. Although Freightliner is named as a defendant, Defendant states in its Answer that "there is no separate entity now known as a "Freightliner L.L.C." Document No. 44 at 1.

summary judgment dismissing Plaintiffs' marketing, negligence, and post-sale warning claims and Plaintiffs present no evidence in support of those claims.[2] Defendant's motion for partial summary judgment as to Plaintiffs' marketing defect, negligence, and post-sale duty claims is therefore GRANTED and those claims are dismissed with prejudice. Remaining for consideration is whether Defendant is protected from strict products liability as a non-manufacturing seller under Texas Civil Practices and Remedies Code § 82.003. After having considered the motion, response, reply, and the applicable law, the Court concludes as follows.

## I. Background

Woody Kay died six days after the 2005 Freightliner Columbia model tractor-trailer ("the truck"), which he was driving on the Katy Freeway, hit the left barricade wall and careened back across four lanes to a stop on the right shoulder, engulfed in flames.[3] In their Second Amended Complaint, Plaintiffs allege that the truck was defective and unreasonably dangerous, pleading:

---

[2] Document No. 50 at 4.

[3] Id., ex. 1 at 2, 4. The parties dispute whether the truck hit the barricade and then caught on fire as a result of that collision, or whether the truck caught on fire because of alleged defects in the engine, causing Woody Kay to lose control and hit the barricade.

> By way of example, and without limitation, the [truck] was unreasonably and dangerously defective in the following ways:
>
> a. the Exhaust Gas Recirculation ("EGR") valve components were improperly sealed resulting in a leakage of combustible fluids (oil) in and around the engine compartment;
>
> c. [sic] the EGR valve failed, causing combustible fluids to be sprayed onto and in the vicinity of the turbo charger where it was ignited.[4]

Defendant's evidence is that it did not manufacture the EGR valve and did not install the EGR components in the truck's engine but rather received the engine as a unit from Detroit Diesel with those components already in place.[5] Plaintiffs agree that Detroit Diesel designed and built the engine and delivered it to Defendant for installation.[6] It is undisputed that Defendant then manufactured the truck and sold it to Celadon Trucking Services, on whose behalf Woody Kay was driving when the fatal accident occurred.[7] Defendant claims that these facts entitle it to protection from liability as a non-manufacturing seller under § 82.003 of the Texas Civil Practice and Remedies Code.[8] Plaintiffs argue that, as the manufacturer of the truck, Defendant is not entitled to such

---

[4] Document No. 40 at 4.

[5] Document No. 48, ex. B-2, 31, 37.

[6] Document No. 50 at 1.

[7] Id. at 3.

[8] Document No. 48 at 4.

protection.[9]  The issue presented on summary judgment, therefore, is the proper construction to be given to § 82.003.

## II.  Discussion

Section 82.001 of the Texas Civil Practice and Remedies Code defines a "Manufacturer" as "a person who is a designer, formulator, constructor, rebuilder, fabricator, producer, compounder, processor, or assembler of any product or any component part thereof and who places the product or any component part thereof in the stream of commerce." TEX. CIV. PRAC. & REM. CODE § 82.001(4) (West 2009).  That section also defines a "Seller" as "a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." Id. at § 82.001(3).  The Texas Supreme Court has stated that, "[b]y these definitions, all manufacturers are also sellers, but not all sellers are manufacturers." Gen. Motors Corp. v. Hudiburg Chevrolet, Inc., 199 S.W.3d 249, 256 (Tex. 2006).  Section 82.003, entitled "Liability of Nonmanufacturing Sellers," states that:

> (a) ***A seller that did not manufacture a product*** is not liable for harm caused to the claimant by that product unless the claimant proves:

---

[9] Document No. 50 at 6.

4

    (1)    that the seller participated in the design of the product;

    (2)    that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;

    (3)    that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;

    (4)    that:

           (A)    the seller exercised substantial control over the content of a warning or instruction that accompanied the product;

           . . .

    (5)    that:

           (A)    the seller made an express factual representation about an aspect of the product;

           . . .

    (6)    that:

           (A)    the seller actually knew of a defect to the product at the time the seller supplied the product; and

           (B)    the claimant's harm resulted from the defect; or

    (7)    that the manufacturer of the product is:

           (A)    insolvent; or

           (B)    not subject to the jurisdiction of the court.

Tex. Civ. Prac. & Rem. Code § 82.003 (West 2009) (emphasis added).

Defendant provides uncontroverted evidence showing that Plaintiffs' case is based entirely on their allegations, supported by expert testimony, that the defective product in this case is the EGR system and valve, a component of the engine.[10]  Defendant provides uncontroverted evidence that it did not manufacture the EGR valve or the engine.[11]  Defendant claims that this evidence entitles it to protection as a non-manufacturing seller because it is "a seller that did not manufacture a product."[12]

Defendant relies on three cases in support of this argument. All three address improper joinder of a non-diverse defendant for purposes of Federal diversity jurisdiction. <u>Garcia v. LG Electronics USA, Inc.</u> concluded that the non-diverse defendant had no involvement in the making of the air-conditioning unit at issue and therefore was a non-manufacturing seller. Civ. A. No. B-11-61, 2011 WL 2517141, at *5-6 (S.D. Tex. June 23, 2011) (Hanen, J.). <u>Harris v. New Werner Holding, Co. Inc.</u> held that Lowe's Companies, Inc. and its salesman who sold the ladder at issue were protected by § 82.003. Civ. A. No. 3:08-CV-1750-L, 2009 WL 1211409, at *2-3 (N.D. Tex. May 1, 2009).  Finally, <u>Gonzalez v. Estes, Inc.</u> found that a distributor of chemicals who "did not label or package the products or participate in the design of the label or packaging,

---

[10] Document No. 48, exs. E & F.

[11] <u>Id.</u>, exs. A & B.

[12] <u>Id.</u> at 5-7.

6

did not modify or alter the products, did not install or participate in installation of the products, or make any representations about the product to Plaintiff or [his employer]" fell within the protection provided by § 82.003. Civ. A. No. SA-10-CA-0038-XR, 2010 WL 610778, at *4-6 (W.D. Tex. Feb. 19, 2010). All three cases deal with parties who fall within the realm of the typical non-manufacturing seller that has no involvement at any level with manufacturing. Defendant does not cite, nor has the Court found, any case holding that § 82.003 applies to a party who *does* manufacture a finished product that has within that product component parts manufactured by others. On the other hand, § 82.003 commonly applies to retail sellers of products.[13]

Defendant, which points to Plaintiff's claim that the defect was in the ERG valve or Detroit Diesel engine and not in "the Truck as a whole," has its recourse in the indemnity provision of § 82.002. As the Texas Supreme Court explained in Hudiburg:

---

[13] *See e.g.*, Howard v. Wal-Mart, No. 10-09-00246-CV, 2010 WL 3784918 (Tex. App.--Waco Sept. 29, 2010, no pet. h.) (Wal-Mart); Dennis v. Giles Group, Inc., No. 04-07-00280-CV, 2008 WL 183062 (Tex. App.--San Antonio Jan. 23, 2008, no pet. h.) (retailer); In re Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation, No. 09-md-2096-PHX-FJM, 2010 WL 3516755 (D. Ariz. Sept. 1, 2010) (HEB); State Farm Fire & Cas., Co. v. Whirlpool Corp., Civ. A. No. 3:10-CV-1922-D, 2011 WL 3567466 (N.D. Tex. Aug. 15, 2011) (Best Buy); Watkins v. General Motors, LLC, Civ. A. No. H-11-2106, 2011 WL 3567017 (S.D. Tex. Aug. 12, 2011) (Atlas, J.) (car dealership); Romo v. Ford Motor Co., 798 F. Supp. 2d 798 (S.D. Tex. 2011) (Tagle, J.) (Wal-Mart); Chen v. Toyota Motor Sales USA, Inc., 2011 WL 1900128 (S.D. Tex. May 19, 2011) (Atlas, J.) (car dealership and national Toyota distributor).

> Under the statute . . . the manufacturer of a component product alleged by a claimant to be defective has a duty to indemnify an innocent seller/manufacturer of a finished product which incorporates the component from loss arising out of a products liability action related to the alleged defect, but the manufacturer of an allegedly defective finished product has a duty to indemnify the innocent seller/manufacturer of a component product for the same loss.

Hudiburg, 199 S.W.3d at 256-57.[14]  Defendant has not shown itself to be a non-manufacturing seller within the meaning of § 82.003, and is therefore not entitled to summary judgment under that section.

### III.  Order

For the foregoing reasons, it is

ORDERED that Defendant Daimler Trucks North America, LLC's Motion for Partial Summary Judgment as to Plaintiffs' marketing defect, negligence, and post-sale duty claims is GRANTED and those

---

[14] Defendant's reliance on Fresh Coat, Inc. v. K-2, Inc., 318 S.W.3d 893, 897 (Tex. 2010) is misplaced.  As the statute and Hudiburg indicate, a component part and the finished product may both be products for purposes of determining indemnification.  This is not inconsistent with Fresh Coat.  The issue raised by Defendant in its motion is not whether it could seek indemnification against the engine manufacturer and/or the engine's component parts manufacturers, but rather whether it enjoys the blanket protection of a non-manufacturing seller under § 82.003.

claims are DISMISSED with prejudice; and Defendant's Motion for Summary Judgment--Innocent Retailer, is DENIED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED in Houston, Texas, on this 30th day of April, 2012.

                          _____
                               EWING WERLEIN, JR.
                            UNITED STATES DISTRICT JUDGE